LODGED

2004 MAY 10 PM 4:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED
CLERK, U.S. DISTRICT COURT
MAY 12 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN WILLIAMS individually and d/b/a UPRISE PRODUCTIONS,<br><br>Plaintiff,<br><br>vs.<br><br>UMG RECORDINGS, INC., et al.,<br><br>Defendants. | CASE NO. CV-01-03135 DT (SHx)<br><br>[PROPOSED] FINDINGS IN SUPPORT OF ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S FIRST CLAIM FOR COPYRIGHT INFRINGEMENT AND THIRD CLAIM FOR DECLARATORY RELIEF<br><br>Trial Dates: April 13-May 5, 2004<br>Courtroom: 880 |

DOCKETED ON CM
MAY 18 2004
BY _____ 002

220

\\LA-SRV01\238454v01\38462.013200

[PROPOSED] FINDINGS IN SUPPORT OF ORDER GRANTING MOTION FOR JMOL

On May 4, 2004, the Court heard argument on the Motion for Judgment as a Matter of Law filed pursuant to Federal Rule of Civil Procedure 50(a) by Defendants UMG Recordings, Inc., Universal Music & Video Distribution, Corp. (erroneously sued as "Universal Music & Video Distribution, Inc."), Jeffrey Panzer, Cash Money Records, Inc., Cash Money Films, Inc., Ronald Williams and Bryan Williams. Having considered the evidence and applicable law, the Court found that there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on his First Claim for Copyright Infringement or Third Claim for Declaratory Relief, for the following reasons:

1. In 1999, Cash Money Records, Inc. and Cash Money Films, Inc. (collectively, "Cash Money") created the film footage for the motion picture entitled "Baller Blockin" (the "Footage").[1]

2. Cash Money owned the copyright to the Footage upon its creation in 1999, because the Footage was an original work of authorship fixed in a tangible medium of expression. 17 U.S.C. § 102(a) ("Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . .").

3. In February 2000, Plaintiff received a copy of the completed Footage (Exhibit 52).

4. Plaintiff claimed that, after receiving a copy of the Footage, he wrote a "Narration Script" (Exhibit 517) that he intended to be incorporated into the Footage.

5. The Narration Script attempts to explain or narrate the images and dialogue depicted in the Footage, and therefore recasts, transforms or adapts the Footage. The Narration Script is based upon the characters and actions depicted in the pre-existing Footage and does not stand alone as an independent story.

6. The Narration Script substantially incorporates material from the Footage such as the characters, events, setting and mood depicted in the Footage, and the material from the Footage pervades the Narration Script.

---

[1] The Court finds that the facts described in these Findings either constitute Plaintiff's version of the facts or cannot reasonably be disputed based on the evidence received at trial.

7.    In addition, the Narration Script would be considered an infringing work had Cash Money and Jeff Panzer not allowed Plaintiff to help create it. See Micro Star v. FormGen Inc., 154 F.3d 1107, 1112 (9th Cir. 1998) (A work that is "substantially similar in both ideas and expression" to a pre-existing copyrightable work is an infringing work; "Similarity of ideas may be shown by comparing the objective details of the works: plot, theme, dialogue, mood, setting, characters, etc.").

8.    Based on the foregoing, the Narration Script is derivative of the Footage. 17 U.S.C. § 101; M. Nimmer & D. Nimmer, 1 Nimmer On Copyright, § 3.03[A] at 3-10 (2002) ("A derivative work consists of a contribution of original material to a pre-existing work so as to recast, transform or adapt the pre-existing work."); Micro Star, supra, 154 F.3d at 1110-1112 (A derivative work is a work that (a) "exist[s] in a concrete or permanent form . . . and . . . substantially incorporate[s] protected material from the preexisting work," and (b) "would be considered an infringing work if the material which it has derived from a preexisting work had been taken without the consent of a copyright proprietor of such preexisting work;" another factor is whether the derivative work could "only be used with" the original work.) (citation and internal quotation marks omitted).

9.    Plaintiff had no written contract with Cash Money or anyone else regarding the services he allegedly performed for "Baller Blockin," including allegedly writing the Narration Script.

10.    Plaintiff never obtained written permission from anyone to create derivative works from the Footage.

11.    Plaintiff never obtained written permission to obtain a copyright in the Narration Script.

12.    "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance . . . is in writing and signed by the owner of the rights conveyed . . . ." 17 U.S.C. § 204(a).

13. "Section 204 of the Copyright Act requires the transfer of the exclusive rights granted to copyright owners (including the right to prepare derivative works) to be in writing." Micro Star, supra, 154 F.3d at 1113.

14. Because Plaintiff had no written permission from anyone to create derivative works from the Footage, the Narration Script is derivative of the Footage, and material from the Footage pervades the Narration Script, Plaintiff has no copyright interest in the Narration Script. 17 U.S.C. §§ 101, 204(a); M. Nimmer & D. Nimmer, 1 Nimmer On Copyright, supra, § 3.06 at 3-34.26.

15. While Plaintiff may have had an implied, non-exclusive license to create the Narration Script, he had no right to copyright the Narration Script. See Foad Consulting Group, Inc. v. Azzalino, 270 F.3d 821, 825-826 (9th Cir. 2001) (Without a writing, transfer of exclusive rights set forth in the Copyright Act is invalid and, at most, alleged transferee might have an implied, non-exclusive license.).

16. "[A] person holding a nonexclusive license has no standing to sue for copyright infringement . . . ." I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996); M. Nimmer & D. Nimmer, 3 Nimmer On Copyright, supra, § 12.02[A]-[B] at 12-49 – 12-52 ("It is only the copyright owner, or the owner of exclusive rights under the copyright, as of the time the acts of infringement occur, who has standing to bring an action for infringement of such rights.").

Based on the foregoing, the Court granted Defendants' Motion for Judgment as a Matter of Law and dismissed Plaintiff's First Claim for Copyright Infringement and Third Claim for Declaratory Relief.

DATED: May 12, 2004

**DICKRAN TEVRIZIAN**
HON. DICKRAN TEVRIZIAN, JR.

1  Submitted by:
2  GREENBERG TRAURIG, LLP
3
4
5  By: _____
   JORDAN D. GROTZINGER
6  Attorneys for Defendants
7  CASH MONEY RECORDS, INC.,
   RONALD WILLIAMS, BRYAN WILLIAMS
8  and CASH MONEY FILMS, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **Time Machine, 132 S. Beaudry Avenue, Los Angeles, CA 90012.**

On May 10, 2004, I served the **[PROPOSED] FINDINGS IN SUPPORT OF ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S FIRST CLAIM FOR COPYRIGHT INFRINGEMENT AND THIRD CLAIM FOR DECLARATORY RELIEF** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Richard Sherman, Esq.
Craig J. Englander, Esq.
SHERMAN & NATHANSON
9454 Wilshire Boulevard
Suite 820
Beverly Hills, California 90212

Jeffrey D. Goldman, Esq.
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683

Steven T. Lowe, Esq.
The Law Offices of Steven T. Lowe
11400 Olympic Boulevard, Suite 600
Los Angeles, California 90064

☒ **(BY PERSONAL SERVICE)**
I delivered such envelope by hand to the offices of the addressee. Executed on May 10, 2004, at Santa Monica, California.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 10, 2004, at Santa Monica, California.

_____
Signature

ARUNSAK SEETAPHAWANG
Print Name

[PROPOSED] FINDINGS IN SUPPORT OF ORDER GRANTING MOTION FOR JMOL